**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case Nos.  02-CR-19-JHP |
| ) | 05-CV-124-JHP |
| HOMER PRICE, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Institute in Leavenworth, Kansas. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 02-CR-19 is unlawful.

The Respondent filed a response by and through the United States Attorney for the Northern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. 02-CR-19. The records reflect Petitioner was named in a one-count Indictment on February 8, 2002, charging him with Possession of a Firearm and Ammunition After Former Conviction of a Felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). On November 18, 2002, a jury trial was commenced and on November 20, 2002, the jury returned their verdict finding the defendant/petitioner guilty.

On February 28, 2003, the defendant was sentenced to 188 months. Additionally, upon release from custody, the court ordered the defendant to be placed on supervised release for a period of five years. Further, defendant/petitioner was ordered to pay a $100 special assessment. Petitioner was advised by the court, at the time of sentencing, that he would have ten (10) days in which to appeal the sentence. The judgment was filed of record on March 6, 2003.

Defendant/Petitioner filed an appeal and on April 13, 2004, in an unpublished opinion, his conviction was affirmed. *United States v. Price*, 94 Fed.Appx. 792 (10th Cir. 2004), *cert. denied,* 125 S.Ct. 167 (2004). On March 4, 2005, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. Specifically, Petitioner argues: (1) he received ineffective assistance of counsel during the trial and sentencing process by counsel failing to investigate or present mitigating evidence in the form of his personal medical records; (2) he received ineffective assistance of counsel during the direct appeal process when counsel failed to argue defendant was deprived of due process or that his Sixth Amendment constitutional rights were violated because his sentence was increased by facts not charged in the indictment and not found beyond a reasonable doubt by the jury; (3) he received ineffective assistance of counsel based upon the "cumulative impact of multiple deficiencies or errors by counsel during the trial, sentencing, and direct appeals process;" (4) he was denied due process of law and his Sixth Amendment constitutional rights were violated when his sentence was increased based upon facts not charged in the indictment, not submitted to

a jury and not proven beyond a reasonable doubt or admitted to by the defendant; and (5) the sentence imposed violates petitioner's Fifth Amendment right to due process of law.

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. Id., 466 U.S. 667, 104 S.Ct. at 2064. Failure to establish either prong of the Strickland standard will result in a denial of Petitioner's Sixth Amendment claims. *Id*., 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in Strickland,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id*., at 466 U.S. at 689, 104 S.Ct. at 2065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id*. The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding

counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

In his first ground for relief, Petitioner claims counsel was ineffective for failing to investigate and obtain his medical records which he alleges prejudiced his case. More specifically, Petitioner asserts that there is a reasonable probability that: 1) he would have been found not guilty if counsel had obtained and introduced these records at trial and/or 2) the court would have sentenced him to a reduced sentence if counsel had presented these records at sentencing. A review of the medical records submitted by Petitioner, however, establish that Petitioner suffered a head injury almost two years prior to the offense alleged in this criminal case which occurred on December 1, 2001. Although Petitioner makes conclusory allegations that his counsel was ineffective in connection with his mental status at the time of the offense, none of the records submitted by Petitioner indicate he was incompetent to understand the proceedings against him. Further, diminished capacity is not a defense to the general intent crime of possession of a firearm and/or ammunition after former conviction of a felony. *See, United States v. Nichols*, 21 F.3d 1016, 1018 (10th Cir. 1994); *United States v. Jackson*, 248 F.3d 1028, 1029 (10th Cir. 2001); and *United States v. Brown*, 326 F.3d 1143, 1147 (10th Cir. 2003). Accordingly, Petitioner has failed to establish how counsel was ineffective for failing to raise a defense of diminished capacity at trial.

Furthermore, since Petitioner was sentenced to the low end of the sentencing guideline range[1], this Court finds Petitioner has failed to establish prejudice resulted from counsel failing to present these records at the time of sentencing. In fact, the Presentence Report advised this Court that Petitioner had spoken to a psychiatrist on two prior occasions, but that there was no indication that the defendant was currently suffering from any emotional disorders. PSR at ¶ 41. Therefore, Petitioner has failed to establish either that counsel's performance was deficient or that he was prejudiced as a result of counsel's failure to investigate, obtain, or introduce these medical records.

Next, Petitioner alleges counsel was ineffective for failing to challenge the constitutionality of the United States Sentencing Guidelines on appeal based upon *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Petitioner's appeal, which raised a single confrontation issue, was affirmed by the Tenth Circuit on April 13, 2004. *Blakely* was not decided until June 24, 2004; at which time the United States Supreme Court held that a sentence imposed under Washington state sentencing procedures was unconstitutional. The Court, however, specifically refused to rule upon the applicability of *Blakely* to the Federal Sentencing Guidelines. *Id.*, at 2538, fn. 9. It was not until after Petitioner's writ of certiorari was denied on October 4, 2004, that the Supreme Court in *United States v. Booker*, 125 S.Ct. 738, 755-56 (2005), held, in order to pass constitutional muster, the Federal Sentencing Guidelines were advisory and not mandatory. Counsel was not ineffective in failing to

---

[1] Petitioner was subject to a statutory minimum sentence of fifteen years or 180 months in prison and the Presentence Report indicated, based on the defendant's offense level and criminal history category that his sentencing range, pursuant to the United States Sentencing Guidelines, was 188 to 235 months.

predict the future outcome in *Blakely* and raise it on appeal. *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002). Further, once the direct appeal had been decided, appellate counsel was not able to raise it in the Supreme Court because it had not been raised and ruled on below. *See*, *Adarand Constructors, Inc. v. Mineta,* 534 U.S. 103, 109 (2001). Accordingly, Petitioner's claim of ineffective assistance of appellate counsel has no merit.

Petitioner's third allegation is that he was denied effective assistance of counsel based upon the cumulative impact of multiple deficiencies or errors by counsel during the trial, sentencing and the direct appeals process. Specifically, Petitioner alleges (1) if counsel had properly advised him of the facts and the law in the case he would have plead guilty or proceeded to a bench trial on stipulated facts[2]; (2) counsel "failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence . . . ." and did not timely move for dismissal of the indictment ; (3) counsel failed to present exculpatory evidence or object to the unlawful admission of evidence; (4) counsel failed to advise defendant that he had a right to testify at trial; (5) counsel failed to timely request appropriate jury instructions and to timely object to insufficient instructions and failed to object to improper argument by the prosecution; (6) counsel failed to investigate or present available evidence material to sentencing[3]; (7) counsel failed to move for a downward departure; (8) counsel failed to investigate and present the strongest issues available for

---

[2] It should be noted that Petitioner's allegations in this regard are directly opposite to his assertion in paragraph 28 that he is "actually innocent" of the sentence imposed in this case.

[3] This allegation was addressed in Petitioner's second proposition above and will not be readdressed except to state that Petitioner does not in this particular claim for relief identify what evidence counsel should have presented or what evidence which was used to determine his sentence was "unlawful, false and unreliable."

direct appeal and failed to preserve viable issues for appeal[4]; and (9) counsel had an actual conflict of interest which adversely affected their performance during the trial, sentencing and direct appeal process.

The records reflect counsel filed a motion to suppress and following an evidentiary hearing, on August 8, 2002, this Court entered an order denying the motion to suppress. Additionally, no facts have been presented by Petitioner which would support a dismissal of the indictment. Consequently, Petitioner has failed to establish that the performance of his attorney on this issue was deficient.

Petitioner's allegation that counsel failed to present exculpatory evidence without some facts as to what evidence could have been presented is simply conclusory. Based upon the testimony at trial, it is hard for this Court to envision what evidence could have existed that would have convinced the jury to acquit Petitioner on the charge of possession of a firearm and ammunition after former conviction of a felony. Further, although alleging counsel failed to object to unlawful admission of evidence, Petitioner does not identify the evidence which he claims was admitted unlawfully. Without specific factual evidence identifying witnesses who would have testified and how their testimony would have been exculpatory or specific evidence which was admitted unlawfully, Petitioner has totally failed to establish that counsel's assistance was ineffective.

---

[4] Since Petitioner does not elaborate in paragraph 57 what issues counsel failed to present on direct appeal, this Court assumes Petitioner is referring to the *Blakely* issue discussed in his second allegation addressed above and therefore, this issue will not be readdressed.

Although the defendant asserts defense counsel failed to advise him that he had a right to testify at trial, on January 30, 2006, defense counsel filed an affidavit indicating she thoroughly discussed the facts and law relevant to the defendant's decision to plead not guilty and the consequences of going to trial. Defense counsel's affidavit also states both during trial preparation and at the close of the government's case, she advised the defendant that he had an absolute right to testify and that only he could decide whether or not to testify at trial. When specifically asked by defense counsel, after the government had rested, whether he wanted to testify, defense counsel states the defendant indicated he did not want to testify. In light of the evidence presented to the jury that the defendant admitted to the police he had a gun and a police officer's testimony that he observed the defendant in the doorway with a gun, this Court finds there is no reasonable probability that the defendant's testimony would have altered the outcome of his trial.

Petitioner does not identify what, if any, additional jury instructions should have been requested by defense counsel, which instructions were insufficient, or the arguments by the government which he believes were improper. Such conclusory allegations are not sufficient to establish ineffective assistance of counsel.

In light of the fact that Petitioner was classified as an armed career criminal pursuant to 18 U.S.C. § 924(e), counsel was not, in this particular case, ineffective for failing to move for a downward departure. Rather, by statute, the Court could only have considered sentencing the defendant to a sentence below the statutory mandatory minimum sentence if

the government had filed a motion under 18 U.S.C. § 3553(e). Counsel's performance can not, therefore, be considered ineffective.

To prevail on an alleged conflict of interest claim, Petitioner must establish that "an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). "An actual conflict of interest exists if counsel was forced to make choices advancing other interests to the detriment of his client. Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance." *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998) (citation omitted). Since Petitioner has not identified any actual conflict of interest, much less explain how it affected his counsel's performance, this Court finds he has failed to establish that his attorney's performance was deficient.

Further, while Petitioner claims cumulative errors of counsel violated his Sixth Amendment right to effective assistance of counsel, cumulative error analysis is utilized only to evaluate the effect of matters determined to be error, as opposed to the cumulative effect of non-errors. *United States v. Rivera*, 900 F.2d 1462, 1470-1471 (10th Cir. 1990). Having found no errors in counsel's performance, cumulative error analysis does not apply in this case.

In his fourth claim for relief, Petitioner asserts his Fifth Amendment constitutional right to due process of law was violated because the Court sentencing him was under the mistaken belief that the sentencing guidelines were mandatory. The Tenth Circuit Court of Appeals has held, however, that *United States v. Blakely*, 124 S.Ct. 2531 (2004), is not

9

retroactively applicable to cases on collateral review. *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005). Accordingly, this claim is without merit.

Petitioner's asserts, in his fifth claim for relief, that his sentence violates his Fifth Amendment Due Process of Law rights and his Sixth Amendment constitutional right to "notice" and "jury trial."[5] Again these allegations appear to be based upon Petitioner's mistaken belief that *Blakely* and *Booker* apply retroactively to his conviction. Since they do not apply retroactively for the reasons previously discussed, this claim for relief is also denied.

Finally, since the motion, files and records in this case establish Petitioner is not entitled to relief, Petitioner's request for an Evidentiary Hearing is denied. *United States v. Galloway*, 56 F.3d 1239, n. 1 (10th Cir. 1995). Furthermore, since Petitioner has failed to establish good cause for conducting discovery, his request to depose trial and/or appellate counsel is hereby denied. Accordingly, Petitioner's Motion to Vacate, request for an evidentiary hearing and request for discovery are hereby denied.

It is so ordered on this 30th day of March, 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[5] The only enhancement contained in the calculation of Petitioner's total offense level is an enhancement because Petitioner was, pursuant to 18 U.S.C. § 924(e), deemed an *armed career criminal* based upon his three prior convictions for crimes of violence, to-wit: Murder, Assault and Battery with a Deadly Weapon/AFCF and Feloniously Pointing a Weapon/AFCF. Petitioner clearly exercised his right to a jury trial and notice was provided to him by way of the Indictment which set out these three prior convictions. The Supreme Court has made it clear that facts of a prior conviction are not required to be proven beyond a reasonable doubt to a jury. *United States v. Booker*, 125 S.Ct. 738, 756 (2005). In this case, the jury, by finding Petitioner guilty, found he had been previously been convicted of a felony.